```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| GURU DENIM, INC., a California Corporation,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>CHASE HAYES, an Individual; WWW.WOMENDESIGNERCLOTHES.COM, a California Business Entity of Unknown Status; and Does 1-10, Inclusive,<br><br>　　　　　　Defendants. | CV 08-4493 SVW (RCx)<br><br><br><br><br>ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE SANCTIONED |

## I.  PROCEDURAL HISTORY

Plaintiff designs and sells jeans and other clothing under the label "True Religion."  Plaintiff alleges that Defendants Chase Hayes and his company www.womendesignerclothes.com have violated Plaintiff's trademarks and copyrights by selling counterfeit versions of Plaintiff's clothing.

Plaintiff's Complaint alleges that on April 15, 2008 Defendant sold a counterfeit True Religion "hoodie" sweatshirt for $91.11. (Compl. ¶¶ 24, 27.) This fact constitutes the sole basis of Plaintiff's Complaint. (See generally Compl.)

Plaintiff filed the Complaint on July 9, 2008. Plaintiff purportedly served Defendant Hayes and his website/business entity on August 12, 2008.[1] Plaintiff filed proofs of service on August 25, 2008.

The case then fell into limbo. Plaintiff's counsel filed a change of address form on November 14, 2008. Plaintiff's associate counsel withdrew from the action on March 3, 2009. On November 5, 2009 — nearly sixteen months after Plaintiff filed the Complaint — the Court issued an Order to Show Cause Why This Case Should Not Be Dismissed for Lack of Prosecution. [Docket no. 10.]

Plaintiff then sought entry of default and filed a Motion for Default Judgment. [Docket nos. 11, 12, 14.] Defendant Hayes filed an answer on December 1, 2009 and an "Amended Answer" on December 16, 2009. [Docket nos. 17, 21.] In these answers, Defendant described his theory of the case: Defendant obtained the goods from a third party, Jet Apparel, and an agent Jet Apparel told Defendant that the goods were authentic.

---

[1] Hayes disputes that he was served by Plaintiff. Hayes's argument is bolstered by the fact that Plaintiff submitted a declaration by Plaintiff's counsel Marcus Chaney — signed under penalty of perjury and purportedly made with personal knowledge — stating that service was effected on September 2, 2008. (Motion for Entry of Default Judgment, Chaney Decl. ¶ 7 [docket no. 14].)
    As the Court noted in its Order Denying Plaintiff's Motion for Entry of Default Judgment, "This discrepancy in Plaintiff's factual assertions [regarding service] is problematic in light of the fact that Hayes says he was never actually served." (Order at 2 n.1 [docket no. 26].)

2

1    At a January 4, 2010 hearing on the Motion for Default Judgment,
2 the Court denied the Motion and scheduled a jury trial for May 4, 2010,
3 with a pretrial conference on April 26, 2010. [Docket no. 24.] In a
4 written Order issued the following day, the Court explained the basis
5 for its decision.  The Court restated that the trial would take place
6 on May 4, 2010 with a pretrial conference on April 26, 2010. [Docket
7 no. 26.]
8    Also, on January 4, 2010, the Court issued a Civil Trial
9 Preparation Order. [Docket no. 25.] This Trial Preparation Order also
10 stated the trial dates listed above.
11    On January 29, 2010, Defendant Hayes filed a Request for Leave to
12 Add a Third Party. [Docket no. 27.] On February 5, 2010, the Court
13 ordered the parties to file briefs on this matter and explained "If and
14 when the Court grants Defendant's Motion to add Jet Apparel, the Court
15 may reconsider the currently scheduled trial date." [Docket no. 30.]
16 The Court scheduled Hayes' Request for a hearing on March 8, 2010
17 [docket no. 34], and issued a written Order the next day denying Hayes'
18 Request.  In this Order, the Court concluded: "Trial dates remain as
19 previously scheduled: Jury Trial on May 4, 2010, at 9:00 a.m., and
20 Pretrial Conference April 26, 2010, at 3:30 p.m." [Docket no. 35.]
21    On April 26, 2010, the parties appeared at the Pretrial
22 Conference.  At that time, Plaintiff requested a continuance on the
23 trial date on account of Defendant's alleged failure to participate in
24 discovery.  At no point prior to the Pretrial Conference did Plaintiff
25 file any motions to this Court or the Magistrate Judge regarding
26 Defendant's purported discovery violations.  Likewise, at no point
27
28

prior to the Pretrial Conference did Plaintiff file any motions to this Court seeking a trial continuance.

Also on April 26, 2010, Defendant filed with the Clerk of the Court a "Pretr[ia]l Conference" memorandum that restates Defendant's legal contentions and includes various pieces of documentary evidence supporting Defendant's assertions.  Plaintiff has not filed any such memorandum.

**II.  LEGAL STANDARD**

Under Fed. R. Civ. P. 16(f), the Court may issue "any just orders," including Rule 37 sanctions, "if a party or its attorney . . . is substantially unprepared to participate . . . in the [pretrial] conference[,] or fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(B)-(C).  The available sanctions include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part; [or]
>
> (vi) rendering a default judgment against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(A) (incorporated by reference into Rule 16(f)).

1  Similarly, under its inherent authority or on a noticed motion
2  under Fed. R. Civ. P. 41(b), the Court may involuntarily dismiss a
3  plaintiff's complaint on account of a plaintiff's violation of Court
4  orders.

5  The Court must take into account five factors when deciding
6  whether to issue case-dispositive sanctions: "(1) the public's interest
7  in expeditious resolution of litigation; (2) the court's need to manage
8  its dockets; (3) the risk of prejudice to the party seeking sanctions;
9  (4) the public policy favoring disposition of cases on their merits;
10 and (5) the availability of less drastic sanctions." Conn. Gen. Life
11 Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir.
12 2007) (quoting Valley Eng'rs v. Electric Eng'g Co., 158 F.3d 1051, 1057
13 (9th Cir. 1998)). Not all five factors need necessarily be satisfied,
14 and the test is not to be applied in a mechanical way. Id.

15 The Court retains authority to dismiss *sua sponte* without notice
16 and a hearing under its inherent authority to sanction a party's
17 failure to prosecute. See Link, 370 U.S. at 632. On the other hand,
18 the Court must provide notice and a hearing to counsel if it wishes to
19 impose sanctions under Fed. R. Civ. P. 16(f)(1). See Ford v. Alfaro,
20 785 F.2d 835, 840 (9th Cir. 1986); but see Nascimento v. Dummer, 508
21 F.3d 905, 909 (9th Cir. 2007) (affirming dismissal under Rule 16(f) for
22 failure to appear at final pretrial conference where court failed to
23 provide affected party an opportunity to respond).

**III. PRELIMINARY DISCUSSION**

26 Plaintiff has repeatedly displayed dilatory conduct throughout
27 this litigation. Plaintiff made no effort to prosecute this case for

5

nearly sixteen months after filing the Complaint. Plaintiff made no effort to seek a Court order to compel Defendant to comply with Plaintiff's purported discovery requests. Plaintiff made no effort to seek a continuance from the Court prior to the Pretrial Conference.

Plaintiff's conduct, far from being benign, has violated a multitude of provisions of this District's Local Rules and this Court's Orders. The Federal Rules of Civil Procedure require an attorney to be prepared for pretrial conferences. Fed. R. Civ. P. 16(f)(1)(B). Plaintiff's counsel was substantially unprepared for the April 26, 2010 Pretrial Conference. When asked about the merits of Defendant's defense – namely, that Defendant asserts that he obtained the goods from Jet Apparel — Plaintiff's counsel admitted that he was utterly clueless about his client's interactions with Jet Apparel. It appears that Plaintiff's counsel has not even conducted the most basic inquiry into the potential factual disputes that were to be tried eight days later.

In addition, Plaintiff's counsel violated numerous Local Rules regarding **required** pretrial filings.[2] Local Rule 16-4 requires parties to file with the Court a Memorandum of Contentions of Fact and Law no later than 21 days before the Final Pretrial Conference. Plaintiff's counsel did not file such a Memorandum. Local Rule 16-5 requires parties to file with the Court a Witness List no later than 21 days before the Final Pretrial Conference. Plaintiff's counsel did not file such a Witness List. Local Rule 16-6 requires parties to file a Joint

---

[2] The Court notes that these Local Rules apply to Defendant as well. But the Court refrains from imposing sanctions on Defendant because (1) Defendant is appearing *pro se*, whereas Plaintiff is represented by counsel, and (2) Plaintiff bears the burden of proving the elements of its claims at trial.

6

1  Exhibit List no later than 21 days before the Final Pretrial
2  Conference.  Plaintiff's counsel did not file such an Exhibit List.
3  Local Rule 16-7 requires parties to file a Final Pretrial Conference
4  Order no later than 11 days before the Final Pretrial Conference.
5  Local Rule 16-7 further provides that the failure to submit such an
6  Order "**shall** subject counsel to the sanctions provided by L.R. 83-7 and
7  28 U.S.C. § 1927."  Local Rule 16-7 (emphasis added).
8       Finally, Plaintiff's counsel violated numerous clear Court
9  directives.  The Court's New Case Order [docket no. 5] states that
10 "Discovery disputes of a significant nature should be brought
11 promptly before the Magistrate Judge. The Court does not look favorably
12 upon delay resulting from unnecessarily unresolved discovery disputes."
13 (Order at 2.)  The New Case Order states at length that trial
14 continuances are also disfavored:

> Continuances are granted only upon a showing of good cause,
> particularly focusing upon evidence of diligent work by the party
> seeking delay and of prejudice that may result from the denial of
> a continuance. Counsel requesting a continuance MUST submit a
> detailed declaration as to the reason. Any continuances requested
> not accompanied by said declaration will be rejected without
> notice to the parties. The Court sets firm trial dates and will
> not change them without good cause having been shown.

(Id. at 3.)

The Court's Trial Preparation Order [docket no. 25] states that
"Counsel preparing for trial before this Court shall comply with this
Order.  **Non-compliance will be subject to sanctions**."  (Order at 1,
emphasis added.)  The Order then provides that "In a jury trial, jury

7

instructions and a verdict form are to be submitted not later than 2 court days prior to the pretrial conference." (Id. at 2.) Plaintiff's counsel did not subject jury instructions or a verdict form. The Trial Preparation Order further provides that "Discovery disputes of a significant nature should be brought promptly before the Magistrate Judge, as provided in this Court's Standing [New Case] Order." (Id. at 4.) "Any discovery disputes that are not resolved three (3) weeks prior to the scheduled trial date should be brought **promptly** and **directly** to the attention of this Court." (Id. at 5, emphasis added.) Plaintiff's counsel did not **promptly** bring any of the purported discovery disputes to this Court's attention or the Magistrate Judge's attention. Instead, Plaintiff's counsel waited until the eve of trial to raise these matters.

In short, Plaintiff's counsel violated a multitude of basic rules that are necessary to ensure that cases proceed to trial in an orderly and timely fashion. These rules are derived from the Federal Rules of Civil Procedure, the Central District's Local Rules, and this Court's own Orders.

Plaintiff's conduct has frustrated this Court's ability to manage its docket, the purposes of Rule 16, and the parties' ability to resolve their dispute in a fair manner. "Rule 16 helps to remove extraneous disputes from the case and serves to expedite the determination of the merits, thereby saving time and expense for the litigants and easing the burden on the courts by facilitating the handling of congested dockets." Wright, Miller, & Kane, 6A Federal Prac. & Proc. § 1522 (2d ed. 2010 rev.). The ultimate goal is to

"facilitat[e] . . . the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(P); <u>see also</u> Fed. R. Civ. P. 1.

In addition to the requirement that counsel be prepared for the Pretrial Conference, the required pretrial filings serve an essential purpose to litigation. "The purpose of the [pretrial] memorandum [of law] is to reveal the lawyer's theory of the case and the issues counsel believes are in contention in order to aid the court in determining what matters should be considered at the conference itself. Several courts view this procedure for providing the pretrial judge with a framework as extremely important to an effective pretrial conference and impose sanctions for any noncompliance with the obligation to file a memorandum." Wright & Miller, 6A <u>Fed. Prac. & Proc.</u> § 1524.

It is simply unacceptable for an attorney to show up at a pretrial conference completely unprepared to proceed to trial. "When the final conference is held after the discovery process is completed, shortly before trial, counsel presumably have identified virtually all of the evidence relating to their cases." Wright & Miller, 6A <u>Fed. Prac. & Proc.</u> § 1527.

**IV.   POSSIBLE SANCTIONS**

The Court believes that three types of sanctions may be appropriate in this case: dismissal of Plaintiff's action, exclusion of Plaintiff's evidence, or monetary sanctions against Plaintiff's counsel. <u>See</u> <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 132 n.1 (9th Cir. 1987) ("Alternative sanctions include: "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the

9

imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured [,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel.") (quotation omitted).

### A.   DISMISSAL

As noted *supra*, five factors govern the Court's analysis concerning dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Conn. Gen. Life Ins., 482 F.3d at 1096. The Ninth Circuit has explained the appropriate approach to the five-factor test for evaluating sanctions in such situations: "where a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5, prejudice and availability of less drastic sanctions, are decisive." Valley Eng'rs, 158 F.3d at 1057; see also Malone, 833 F.2d at 131-33 (in case involving violation of pretrial orders, court only addressed factors 3 and 5 in depth); see generally In re Phenylpropanolamine (PPA) Prods. Liability Litig., 460 F.3d 1217, 1226-29 (9th Cir. 2006) (thoroughly summarizing five factors as applied to dismissals for failure to comply with court order).

The Ninth Circuit has repeatedly held that dismissal is an appropriate sanction where counsel engages in dilatory conduct that impedes the Court's ability to conduct a meaningful and productive pretrial conference.

Most recently, in Nascimento v. Dummer, 508 F.3d 905 (9th Cir. 2007), the Ninth Circuit affirmed a dismissal without prejudice in response to the plaintiff's "attorney's failure to appear at a scheduled pretrial conference or to otherwise prepare for trial." Id. at 909. The district court in that case noted that "continuing the suit in light of [the plaintiff's] non-cooperation would risk prejudicing the defendants." Id. (paraphrasing district court). Accordingly, the district court's dismissal "was an appropriate and permissible response" to the plaintiff's failure to notify the court that he would not be appearing at the pretrial conference. Id.

In Thompson v. Housing Authority of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam), the Ninth Circuit noted that "We have repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders." Id. at 831 (collecting cases). In Thompson, the court affirmed a dismissal in a situation which is factually analogous: the plaintiff's counsel had showed up unprepared at the pretrial conference and had "made no attempt to conduct discovery . . . and sought no additional time from the court" to do so. Id. at 832.[3]

Likewise, in Malone v. U.S. Postal Service, 833 F.2d 128 (9th Cir. 1978), the Ninth Circuit affirmed a dismissal where the plaintiff's counsel refused to comply with a court order to file a witness list and proposed examination questions. The plaintiff objected to the court's

---

[3] Unlike the present case, the district court in Thompson had provided at least one prior continuance of trial. However, the Ninth Circuit has never held that parties are entitled to at least one continuance, and nothing in the Federal Rules or the Local Rules clearly supports such a rule.

11

order a day *after* plaintiff was supposed to have fully complied with it.  Id. at 129.

In Kung v. FOM Inv. Corp., 563 F.3d 1316 (9th Cir. 1977) (per curiam), the Ninth Circuit affirmed dismissal where the court continued the trial twice and "made it clear that dismissal would result if [plaintiff] was not ready for the pre-trial conference at the end of the last continuance."  Id. at 1318.  At the pretrial conference, the plaintiff was not prepared and asked for a third continuance.  Id.  The district court accordingly dismissed the action and the Ninth Circuit affirmed: "The [court's] warning was fair; it was flagrantly ignored; the sanction which followed was proper."  Id.

The most thorough justification for dismissal is presented in Chism v. National Heritage Life Ins. Co., 637 F.2d 1328 (9th Cir. 1981), *abrogated on other grounds by* Bryant v. Ford Motor Co., 844 F.2d 602 (9th Cir. 1987) (en banc).  The court affirmed a dismissal of the plaintiff's complaint where the plaintiff failed to participate in discovery, failed to file a proposed pretrial conference order, and failed to file a list of proposed witnesses and exhibits.  Id. at 1329.  The Ninth Circuit explained that the failure to file a list of witnesses and exhibits "undermined effective utilization of the pretrial conference procedure" and effectively "precluded any meaningful pretrial conference."  Id. at 1331.  The court also explained that the plaintiff's repeated dilatory conduct justified dismissal because his conduct "showed continued disregard for his obligations to the court" and it was apparent that "the future held only the prospect of continued improprieties by [him]" because "[his] excuses were lame."  Id.  The court concluded that "[i]ndulgent

toleration for the misconduct of lawyers and litigants is a luxury the overcrowded federal courts cannot afford." Id. "[D]istrict courts cannot function efficiently unless they can effectively require compliance with reasonable rules. Absence of meaningful power to require that compliance would make for disorder and preclude effective judicial administration at the trial court level." Id.

In addition to the Ninth Circuit's caselaw, the Supreme Court has affirmed a dismissal under Rule 41(b) where the plaintiff's attorney failed to appear at the pretrial conference, thus inhibiting the district court's ability to manage the litigation. Link v. Wabash R. Co., 370 U.S. 626 (1962). The Court explained that, based on the attorney's absence from the pretrial conference and the attorney's previous lack of diligence, "it could reasonably be inferred from [counsel's] absence . . . that [he] had been deliberately proceeding in dilatory fashion." Id. 633. In the Link district court litigation — much like in the present litigation — the case sat idly on the docket for about a year and a half. Id. at 629 n.2. In addition, it is notable that the attorney in Link, in the course of his previous dilatory conduct, had at least moved for a continuance of the trial approximately three weeks before the trial was scheduled to begin. Id. at 629 n.2. In the present case, Plaintiff's counsel waited until only the week before trial – long after various filings had been due.[4]

---

[4] Arguably, Link might be distinguished from the present case because the attorney in Link failed to attend the pretrial conference. However, while Plaintiff's counsel in the present case was *physically* present at the Pretrial Conference (unlike the attorney in Link), it should be obvious mere physical presence is not sufficient to satisfy the requirements of Rule 16, the Local Rules, and the Court's previous orders. Counsel must do more than show up at the Pretrial Conference — counsel must be prepared to discuss the facts and legal

13

1  Cases in other circuits are also instructive. In <u>Tower Ventures,
2  Inc. v. City of Westfield</u>, 296 F.3d 43 (1st Cir. 2002), the First
3  Circuit affirmed dismissal of the complaint where the plaintiff's only
4  explanation for its dilatory conduct was that it encountered unexpected
5  delays in discovery. In <u>Lucien v. Breweur</u>, 9 F.3d 26 (7th Cir. 1993),
6  the Seventh Circuit affirmed dismissal of the complaint where the
7  prisoner-plaintiff failed to appear at the pretrial conference, and the
8  plaintiff's only excuse was that he found the arm- and leg-restraints
9  to be painful. In <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813
10 F.2d 744 (5th Cir. 1987), the Fifth Circuit affirmed dismissal of the
11 complaint where the plaintiff failed to file a required witness list
12 and the case was scheduled to proceed to trial the following week. In
13 <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863 (3d Cir. 1984), the
14 Third Circuit affirmed dismissal of the complaint where the plaintiff
15 had displayed a pattern of dilatory conduct, and, although the
16 plaintiff's misconduct was not intentional or contumacious, the
17 defendant was prejudiced by the delay because it had identified a prima
18 facie defense to the claim yet "was compelled to file its pretrial
19 statement without [knowing of plaintiff's evidence] and without seeing
20 plaintiffs' pretrial statement." <u>Id.</u> at 870.

**B.   EXCLUSION OF EVIDENCE**

Failure to identify potential evidence or legal theories often results in exclusion of such issues from trial.

---

theories of the case. An attorney's failure to prepare for the pretrial conference is, for all intents and purposes, equivalent to non-appearance. <u>See</u> <u>Francis v. Women's Obstetrics and Gynecology Group, P.C.</u>, 144 F.R.D. 646, 649 (W.D.N.Y. 1992) ("Mere physical presence at the conference by defendant's attorney is not sufficient compliance with the order to attend the settlement conference.")

In <u>United States v. Sumitomo Marine & Fire Ins. Co., Ltd.</u>, 617 F.2d 1365 (9th Cir. 1980), the Ninth Circuit affirmed the exclusion of the plaintiff's evidence regarding damages. In that case, the plaintiff had engaged in various instances of delay during discovery, and the district court eventually ordered that the plaintiff provide a complete list of its damages (and supporting evidence) by a certain date. Four days after the evidence was due, the plaintiff submitted a "tentative[]" "estimate" of damages without any supporting evidence. <u>Id.</u> at 1368. The district court precluded the plaintiff from introducing any evidence of its damages. The Ninth Circuit affirmed, noting three broad considerations justifying such sanctions:

> Preclusionary orders ensure that a party will not be able to profit from its own failure to comply. Rule 37 strictures are also specific deterrents and, like civil contempt, they seek to secure compliance with the particular order at hand. Finally, although the most drastic sanctions may not be imposed as 'mere penalties,' courts are free to consider the general deterrent effect their orders may have on the instant case and on other litigation, provided that the party on whom they are imposed is, in some sense, at fault.

<u>Id.</u> at 1369 (citations omitted).

More recently, in <u>Wong v. Regents of Univ. of Cal.</u>, 410 F.3d 1052 (9th Cir. 2005), the Ninth Circuit affirmed the exclusion of an expert witness where the plaintiff unjustifiably failed to disclose the witness in accordance with the court's scheduling order. The court explained:

> If Wong had been permitted to disregard the deadline for

>identifying expert witnesses, the rest of the schedule laid out by the court months in advance, and understood by the parties, would have to have been altered as well. Disruption to the schedule of the court and other parties in that manner is not harmless. Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to. The district court did not abuse its discretion here in refusing to permit Wong to supplement his disclosure with the additional expert witnesses and in barring testimony by and relying upon those witnesses.

Id. at 1062.

Although these Ninth Circuit cases involve sanctions for discovery abuses, the general principles apply with equal force in the context of Rule 16 pretrial conferences and required pretrial filings. See Ortega v. O'Connor, 50 F.3d 778, 779 (9th Cir. 1995) ("There is no dispute that, in a proper case, a trial court may exclude a party's witnesses as a sanction for failure to comply with a pretrial order.") (citing Fed. R. Civ. P. 16(f)). For example, in Ackley v. Western Conference of Teamsters, 958 F.2d 1463, 1471 (9th Cir. 1992), the Ninth Circuit affirmed the district court's exclusion of approximately fifty witnesses who were not listed on the plaintiffs' witness list. The court noted that the plaintiffs had failed to satisfy the Central District's Local Rules and show good cause for their failure to include the omitted witnesses on the witness list. Id.

In appropriate circumstances, evidence may be excluded even if the exclusion effectively defeats the plaintiff's claim. In Sumitomo

1  Marine & Fire Ins., the Ninth Circuit affirmed the exclusion of the
2  plaintiff's evidence regarding damages even though such a ruling
3  precluded the plaintiff from obtaining a recovery.  In Sheppard v.
4  Glock, Inc., 176 F.R.D. 471 (E.D. Pa. 1997), *aff'd*, 142 F.3d 429 (3d
5  Cir. 1998), the district court excluded the plaintiff's expert witness
6  due to the plaintiff's failure to provide the expert report for over a
7  month after it was due.  The exclusion of the expert effectively
8  prevented the plaintiff from proving her case, but the court held that
9  this was an appropriate sanction due to the unjustified nature of the
10 delay.  Id. at 478-79.  Because the case was set for trial soon after
11 the deadline had expired, the court determined that, in light of the
12 defendant's prejudice from the delay (namely, the inability to put on a
13 cogent defense), dismissal was warranted.  Id. at 474, 478-79.
14 In addition, a party may be precluded from presenting legal arguments
15 not previously disclosed in the party's pretrial papers.  In MacArthur
16 v. San Juan County, 416 F. Supp. 2d 1098, 1178-79 (D. Utah 2005), the
17 court precluded plaintiffs from presenting at trial arguments that were
18 not pleaded in the complaint, were not presented in their pretrial
19 conference filings, and were not mentioned at the pretrial conference.
20 The court explained in frustration that "[h]aving considered the
21 pleadings, proffers, arguments and memoranda submitted by counsel, the
22 court cannot 'identify the litigable issues' that plaintiffs believed
23 would arise under these provisions."  Id. at 1179 (quoting Fed. R. Civ.
24 P. 16(c)(1)).
25     This approach has been affirmed in numerous courts of appeals.
26 See, e.g., Smith v. Gulf Oil Co., 995 F.2d 638, 642-44 (6th Cir. 1993)
27 (trial court correctly precluded plaintiffs' use of legal theory that
28

17

was not raised until during trial); <u>Veranda Beach Club Ltd P'ship v. Western Sur. Co.</u>, 936 F.2d 1364, 1371 (1st Cir. 1991) (affirming dismissal of plaintiff's claim where none of plaintiff's pretrial submissions alluded to that theory); <u>Erff v. MarkHon Inds., Inc.</u>, 781 F.2d 613, 618 (7th Cir. 1986) (trial court correctly precluded plaintiffs' legal theory that was not clearly pleaded in complaint and was not discussed in final pretrial conference legal memorandum); <u>Smith v. Rowe</u>, 761 F.2d 360, 366 (7th Cir. 1985) (trial court correctly excluded evidence omitted from party's exhibit list); <u>Allen v. U.S. Steel Corp.</u>, 665 F.2d 689, 696 (5th Cir. Unit B 1982) (trial court properly ruled that plaintiffs waived claim that was not stated in pretrial conference memorandum); <u>accord</u> <u>Ford v. Alfaro</u>, 785 F.2d 835, 839-40 (9th Cir. 1986) (as sanction for failing to file required pretrial statement and attend pretrial hearing, the district court precluded defendant from introducing evidence not included in plaintiff's filings; Ninth Circuit held that district court improperly failed to give defendant notice and a hearing prior to imposing sanction, but failure to give notice was harmless error).

**C.    MONETARY SANCTIONS**

Alternatively, under Rule 16(f) the Court may issue sanctions, either in the amount incurred by the opposing party as a result of the offending party's misconduct, <u>Ayers v. City of Richmond</u>, 895 F.2d 1267, 1269-70 (9th Cir. 1990) (affirming award of opposing party's costs for attending settlement conference where offending party failed to appear), <u>Perryman v. First United Methodist Church</u>, 241 F.R.D. 521, 525 (M.D. Ala. 2007) (awarding opposing counsel's "expenses incurred in attempting to secure [offending counsel's] cooperation in the

1 preparation of a pretrial order, their expenses in attending the
2 pretrial, and their expenses relating to the instant sanctions issue");
3 O. Ahlborg & Sons, Inc. V. United States, 233 F.R.D. 224, 226-27 (D.
4 Mass. 2005) (awarding $3,600 in attorneys fees related to time spent
5 drafting motion to compel and attending status conference), or in a
6 different amount justified in the circumstances, G.J.B. & Assoc., Inc.
7 v. Singleton, 913 F.2d 824, 826, 831-32 (10th Cir. 1994) (affirming
8 monetary sanctions under Rule 16(f) for counsel's failure to disclose
9 exhibits used at trial).

### D. OTHER CONSIDERATIONS

The Court notes that Plaintiff's conduct does not appear to be contumacious or malicious; however, Plaintiff is not perfectly innocent either. The present case is not analogous to cases where a party participates actively in proceedings and then makes a single honest mistake such as failing to file a required witness list, Long v. Steepo, 213 F.3d 983, 986-87 (7th Cir. 2000), or a pretrial memorandum, Woodmore v. Git-N-Go, 790 F.2d 1497 (10th Cir. 1986), or failing to calendar the correct dates, Ayers v. City of Richmond, 895 F.2d 1267, 1269-70 (9th Cir. 1990), Crossman v. Raytheon Long Term Disability Plan, 316 F.3d 36 (1st Cir. 2002), Barsoumian v. Szozda, 108 F.R.D. 426 (S.D.N.Y. 1985). Nor is it a case in which the offending party informed the Court about its inability to meet the required deadlines, requested an extension of those deadlines, and identified external factors causing the party's delay. See, e.g., Potlatch Corp. v. United States, 679 F.2d 153, 155-56 (9th Cir. 1982).

///

///

**V.   CONCLUSION**

For the foregoing reasons, Plaintiff is ORDERED to show cause why Plaintiff should not be sanctioned for violating the Federal Rules of Civil Procedure, the Central District of California Local Rules, and the Orders of this Court. Such sanctions may include monetary fines, exclusion of Plaintiff's evidence, or dismissal of Plaintiff's complaint. Plaintiff's response shall be filed no later than the close of business on Monday, May 3, 2010. The parties are ordered to appear for a hearing on the matter on Tuesday, May 4, 2010, at 9:00 a.m. The Court will then determine if and when the matter will proceed to trial.

IT IS SO ORDERED.

DATED: April 28, 2010

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE