UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GURU DENIM, INC., a California Corporation, | ) ) ) | CV 08-4493 SVW (RCx) |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER DISMISSING CASE |
| CHASE HAYES, an Individual; WWW.WOMENDESIGNERCLOTHES.COM, a California Business Entity of Unknown Status; and Does 1-10, Inclusive, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

I.   **PROCEDURAL HISTORY**

Plaintiff designs and sells jeans and other clothing under the label "True Religion."  Plaintiff alleges that Defendants Chase Hayes and his company www.womendesignerclothes.com have violated Plaintiff's trademarks and copyrights by selling counterfeit versions of Plaintiff's clothing.

1    Plaintiff's Complaint alleges that on April 15, 2008 Defendant

2    sold a counterfeit True Religion "hoodie" sweatshirt for $91.11.

3    (Compl. ¶¶ 24, 27.)  This fact constitutes the sole basis of

4    Plaintiff's Complaint.  (<u>See generally</u> Compl.)

5    Plaintiff filed the Complaint on July 9, 2008.  Plaintiff

6    purportedly served Defendant Hayes and his website/business entity on

7    August 12, 2008.[1]  Plaintiff filed proofs of service on August 25, 2008.

8    The case then fell into limbo.  Plaintiff's counsel filed a change

9    of address form on November 14, 2008.  Plaintiff's associate counsel

10   withdrew from the action on March 3, 2009.  On November 5, 2009 —

11   nearly sixteen months after Plaintiff filed the Complaint — the Court

12   issued an Order to Show Cause Why This Case Should Not Be Dismissed for

13   Lack of Prosecution. [Docket no. 10.]

14   Plaintiff then sought entry of default and filed a Motion for

15   Default Judgment. [Docket nos. 11, 12, 14.] Defendant Hayes filed an

16   answer on December 1, 2009 and an "Amended Answer" on December 16,

17   2009. [Docket nos. 17, 21.] In these answers, Defendant described his

18   theory of the case: Defendant obtained the goods from a third party,

19   Jet Apparel, and an agent Jet Apparel told Defendant that the goods

20   were authentic.

21

22   _____

23   [1] Hayes disputes that he was served by Plaintiff.  Hayes's argument is
     bolstered by the fact that Plaintiff submitted a declaration by
     Plaintiff's counsel Marcus Chaney — signed under penalty of perjury

24   and purportedly made with personal knowledge — stating that service
     was effected on September 2, 2008.  (Motion for Entry of Default

25   Judgment, Chaney Decl. ¶ 7 [docket no. 14].)

26   As the Court noted in its Order Denying Plaintiff's Motion for
     Entry of Default Judgment, "This discrepancy in Plaintiff's factual

27   assertions [regarding service] is problematic in light of the fact
     that Hayes says he was never actually served." (Order at 2 n.1

28   [docket no. 26].)

At a January 4, 2010 hearing on the Motion for Default Judgment, the Court denied the Motion and scheduled a jury trial for May 4, 2010, with a pretrial conference on April 26, 2010. [Docket no. 24.] In a written Order issued the following day, the Court explained the basis for its decision.  The Court restated that the trial would take place on May 4, 2010 with a pretrial conference on April 26, 2010. [Docket no. 26.]

Also, on January 4, 2010, the Court issued a Civil Trial Preparation Order. [Docket no. 25.] This Trial Preparation Order also stated the trial dates listed above.

On January 29, 2010, Defendant Hayes filed a Request for Leave to Add a Third Party. [Docket no. 27.] On February 5, 2010, the Court ordered the parties to file briefs on this matter and explained "If and when the Court grants Defendant's Motion to add Jet Apparel, the Court may reconsider the currently scheduled trial date." [Docket no. 30.] The Court scheduled Hayes' Request for a hearing on March 8, 2010 [docket no. 34], and issued a written Order the next day denying Hayes' Request.  In this Order, the Court concluded: "Trial dates remain as previously scheduled: Jury Trial on May 4, 2010, at 9:00 a.m., and Pretrial Conference April 26, 2010, at 3:30 p.m." [Docket no. 35.]

On April 26, 2010, the parties appeared at the Pretrial Conference.  On that day, Defendant filed with the Clerk of the Court a "Pretr[ia]l Conference" memorandum that restates Defendant's legal contentions and includes various pieces of documentary evidence supporting Defendant's assertions.  Plaintiff has not filed any such memorandum.

3

At the Pretrial Conference, Plaintiff requested a continuance of the trial date on account of Defendant's alleged failure to participate in discovery.  At no point prior to the Pretrial Conference did Plaintiff file any motions to this Court or the Magistrate Judge regarding Defendant's purported discovery violations.  Likewise, at no point prior to the Pretrial Conference did Plaintiff file any motions to this Court seeking a trial continuance.

Following the Pretrial Conference, the Court issued an Order to Show Cause Why Plaintiff Should Not Be Sanctioned on April 28. [Docket no. 41.]  In the Order to Show Cause, the Court stated that it was contemplating three possible sanctions against Plaintiff: dismissal, preclusion of evidence and/or legal arguments, and monetary sanctions.

In response to the Order to Show Cause, Plaintiff's counsel provided the following explanation for its conduct: in September 2008, Plaintiff's current counsel, Christopher Pham, dissolved his law partnership with his then-partner Alexander Gareeb.  Pham then moved his office from downtown Los Angeles to Woodland Hills.  At some point during the dissolution and change of offices, the True Religion Brand "hoodie" at issue in this case was "misplaced."  (Pham Decl. ¶ 6 [Docket no 43].)  Neither Pham nor his former partner are able to find the hoodie.

Pham stated that "Plaintiff is amenable to the Court's contempated dismissal of this action, without prejudice, due to its misplacement of the 'hoodie' which forms the basis of this action.  Plaintiff requests that the dismissal be without prejudice so that additional claims of infringement can be brought against Defendants, if necessary."  (Pham

4

Decl. ¶ 8.)  Specifically, Plaintiff wishes to bring a separate action related to Defendants' alleged sale of "Joy Jeans."

## II.  LEGAL STANDARD

Under Fed. R. Civ. P. 16(f), the Court may issue "any just orders," including Rule 37 sanctions, "if a party or its attorney . . . is substantially unprepared to participate . . . in the [pretrial] conference[,] or fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(B)-(C).  The available sanctions include:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part; [or]

(vi) rendering a default judgment against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(A) (incorporated by reference into Rule 16(f)).

Similarly, under its inherent authority or on a noticed motion under Fed. R. Civ. P. 41(b), the Court may involuntarily dismiss a plaintiff's complaint on account of a plaintiff's violation of Court orders.

The Court must take into account five factors when deciding whether to issue case-dispositive sanctions: "(1) the public's interest

in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting Valley Eng'rs v. Electric Eng'q Co., 158 F.3d 1051, 1057 (9th Cir. 1998)).  Not all five factors need necessarily be satisfied, and the test is not to be applied in a mechanical way.  Id.

**III. DISCUSSION**

    Plaintiff has repeatedly displayed dilatory conduct throughout this litigation.  Plaintiff made no effort to prosecute this case for nearly sixteen months after filing the Complaint.  Plaintiff made no effort to seek a Court order to compel Defendant to comply with Plaintiff's purported discovery requests.  Plaintiff made no effort to seek a continuance from the Court prior to the Pretrial Conference. Plaintiff failed to disclose until the eve of trial that it was no longer in possession of the allegedly infringing article of clothing.

    Plaintiff's conduct, far from being benign, has violated a multitude of provisions of this District's Local Rules and this Court's Orders.  The Federal Rules of Civil Procedure require an attorney to be prepared for pretrial conferences.  Fed. R. Civ. P. 16(f)(1)(B). Plaintiff's counsel was substantially unprepared for the April 26, 2010 Pretrial Conference.  When asked about the merits of Defendant's defense – namely, that Defendant asserts that he obtained the goods from Jet Apparel — Plaintiff's counsel admitted that he was utterly clueless about his client's interactions with Jet Apparel.  It appears

that Plaintiff's counsel has not even conducted the most basic inquiry into the potential factual disputes that were to be tried eight days later.

In addition, Plaintiff's counsel violated numerous Local Rules regarding **required** pretrial filings.[2] Local Rule 16-4 requires parties to file with the Court a Memorandum of Contentions of Fact and Law no later than 21 days before the Final Pretrial Conference.  Plaintiff's counsel did not file such a Memorandum.  Local Rule 16-5 requires parties to file with the Court a Witness List no later than 21 days before the Final Pretrial Conference.  Plaintiff's counsel did not file such a Witness List.  Local Rule 16-6 requires parties to file a Joint Exhibit List no later than 21 days before the Final Pretrial Conference.  Plaintiff's counsel did not file such an Exhibit List. Local Rule 16-7 requires parties to file a Final Pretrial Conference Order no later than 11 days before the Final Pretrial Conference. Local Rule 16-7 further provides that the failure to submit such an Order "**shall** subject counsel to the sanctions provided by L.R. 83-7 and 28 U.S.C. § 1927."  Local Rule 16-7 (emphasis added).

Finally, Plaintiff's counsel violated numerous clear Court directives.  The Court's New Case Order [docket no. 5] states that "Discovery disputes of a significant nature should be brought

---

[2] The Court notes that these Local Rules apply to Defendant as well. But the Court refrains from imposing sanctions on Defendant because (1) Plaintiff bears the burden of proving the elements of its claims at trial, and (2) Defendant is appearing *pro se*.  See, e.g., Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986) ("We recognize that the plaintiff represented himself and therefore, in evaluating his compliance with the technical rules of civil procedure, we treat him with great leniency.").

promptly before the Magistrate Judge. The Court does not look favorably upon delay resulting from unnecessarily unresolved discovery disputes." (Order at 2.)   The New Case Order states at length that trial continuances are also disfavored:

> Continuances are granted only upon a showing of good cause, particularly focusing upon evidence of diligent work by the party seeking delay and of prejudice that may result from the denial of a continuance. Counsel requesting a continuance MUST submit a detailed declaration as to the reason. Any continuances requested not accompanied by said declaration will be rejected without notice to the parties. The Court sets firm trial dates and will not change them without good cause having been shown.

(Id. at 3.)

The Court's Trial Preparation Order [docket no. 25] states that "Counsel preparing for trial before this Court shall comply with this Order. **Non-compliance will be subject to sanctions**." (Order at 1, emphasis added.)   The Order then provides that "In a jury trial, jury instructions and a verdict form are to be submitted not later than 2 court days prior to the pretrial conference." (Id. at 2.)   Plaintiff's counsel did not subject jury instructions or a verdict form.   The Trial Preparation Order further provides that "Discovery disputes of a significant nature should be brought promptly before the Magistrate Judge, as provided in this Court's Standing [New Case] Order." (Id. at 4.)   "Any discovery disputes that are not resolved three (3) weeks prior to the scheduled trial date should be brought **promptly** and **directly** to the attention of this Court." (Id. at 5, emphasis added.) Plaintiff's counsel did not **promptly** bring any of the purported

discovery disputes to this Court's attention or the Magistrate Judge's attention.  Instead, Plaintiff's counsel waited until the eve of trial to raise these matters.

In short, Plaintiff's counsel violated a multitude of basic rules that are necessary to ensure that cases proceed to trial in an orderly and timely fashion.  These rules are derived from the Federal Rules of Civil Procedure, the Central District's Local Rules, and this Court's own Orders.

Plaintiff's conduct has frustrated this Court's ability to manage its docket, the purposes of Rule 16, and the parties' ability to resolve their dispute in a fair manner.  "Rule 16 helps to remove extraneous disputes from the case and serves to expedite the determination of the merits, thereby saving time and expense for the litigants and easing the burden on the courts by facilitating the handling of congested dockets."  Wright, Miller, & Kane, 6A Federal Prac. & Proc. § 1522 (2d ed. 2010 rev.).  The ultimate goal is to "facilitat[e] . . . the just, speedy, and inexpensive disposition of the action."  Fed. R. Civ. P. 16(c)(2)(P); see also Fed. R. Civ. P. 1.

In addition to the requirement that counsel be prepared for the Pretrial Conference, the required pretrial filings serve an essential purpose to litigation.  "The purpose of the [pretrial] memorandum [of law] is to reveal the lawyer's theory of the case and the issues counsel believes are in contention in order to aid the court in determining what matters should be considered at the conference itself.  Several courts view this procedure for providing the pretrial judge with a framework as extremely important to an effective pretrial conference and impose sanctions for any noncompliance with the

obligation to file a memorandum." Wright & Miller, 6A <u>Fed. Prac. & Proc.</u> § 1524.

It is simply unacceptable for an attorney to show up at a pretrial conference completely unprepared to proceed to trial. "When the final conference is held after the discovery process is completed, shortly before trial, counsel presumably have identified virtually all of the evidence relating to their cases." Wright & Miller, 6A <u>Fed. Prac. & Proc.</u> § 1527.

In light of Plaintiff's post-Pretrial Conference acknowledgment that it has misplaced the article of clothing at issue in this case, it appears that this case would have been resolved much more smoothly had Plaintiff fully and promptly prepared for the Pretrial Conference. At that point, both Plaintiff and Defendant would have been in a position to fully assess the viability of their claims and defenses.

**IV.  SANCTIONS**

The Court believes that two separate sanctions are appropriate in this case: dismissal of Plaintiff's action and limited monetary sanctions against Plaintiff's counsel.

**A.  DISMISSAL**

**1.  Legal Authority**

As noted *supra*, five factors govern the Court's analysis concerning dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>Conn. Gen. Life Ins.</u>, 482

F.3d at 1096.  The Ninth Circuit has explained the proper method for applying this five-factor test in a situation like the present one: "where a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5, prejudice and availability of less drastic sanctions, are decisive." Valley Eng'rs, 158 F.3d at 1057; see also Malone, 833 F.2d at 131-33 (in case involving violation of pretrial orders, court only addressed factors 3 and 5 in depth); see generally In re Phenylpropanolamine (PPA) Prods. Liability Litig., 460 F.3d 1217, 1226-29 (9th Cir. 2006) (thoroughly summarizing five factors as applied to dismissals for failure to comply with court order).

The Ninth Circuit has repeatedly held that dismissal is an appropriate sanction where counsel engages in dilatory conduct that impedes the Court's ability to conduct a meaningful and productive pretrial conference.

Most recently, in Nascimento v. Dummer, 508 F.3d 905 (9th Cir. 2007), the Ninth Circuit affirmed a dismissal without prejudice in response to the plaintiff's "attorney's failure to appear at a scheduled pretrial conference or to otherwise prepare for trial." Id. at 909.  The district court in that case noted that "continuing the suit in light of [the plaintiff's] non-cooperation would risk prejudicing the defendants." Id. (paraphrasing district court). Accordingly, the district court's dismissal "was an appropriate and permissible response" to the plaintiff's failure to notify the court that he would not be appearing at the pretrial conference. Id.

In Thompson v. Housing Authority of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam), the Ninth Circuit noted that "We have

repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders." Id. at 831 (collecting cases). In Thompson, the court affirmed a dismissal in a situation which is factually analogous: the plaintiff's counsel had showed up unprepared at the pretrial conference and had "made no attempt to conduct discovery . . . and sought no additional time from the court" to do so. Id. at 832.[3]

Likewise, in Malone v. U.S. Postal Service, 833 F.2d 128 (9th Cir. 1978), the Ninth Circuit affirmed a dismissal where the plaintiff's counsel refused to comply with a court order to file a witness list and proposed examination questions. The plaintiff objected to the court's order a day *after* plaintiff was supposed to have fully complied with it. Id. at 129.

In Kung v. FOM Inv. Corp., 563 F.2d 1316 (9th Cir. 1977) (per curiam), the Ninth Circuit affirmed dismissal where the court continued the trial twice and "made it clear that dismissal would result if [plaintiff] was not ready for the pre-trial conference at the end of the last continuance." Id. at 1318. At the pretrial conference, the plaintiff was not prepared and asked for a third continuance. Id. The district court accordingly dismissed the action and the Ninth Circuit affirmed: "The [court's] warning was fair; it was flagrantly ignored; the sanction which followed was proper." Id.

The most thorough justification for dismissal is presented in Chism v. National Heritage Life Ins. Co., 637 F.2d 1328 (9th Cir.

---

[3] Unlike the present case, the district court in Thompson had provided at least one prior continuance of trial. However, the Ninth Circuit has never held that parties are entitled to at least one continuance, and nothing in the Federal Rules or the Local Rules clearly supports such a rule.

1981), *abrogated on other grounds by* <u>Bryant v. Ford Motor Co.</u>, 844 F.2d
602 (9th Cir. 1987) (en banc).  The court affirmed a dismissal of the
plaintiff's complaint where the plaintiff failed to participate in
discovery, failed to file a proposed pretrial conference order, and
failed to file a list of proposed witnesses and exhibits.  <u>Id.</u> at 1329.
The Ninth Circuit explained that the failure to file a list of
witnesses and exhibits "undermined effective utilization of the
pretrial conference procedure" and effectively "precluded any
meaningful pretrial conference."  <u>Id.</u> at 1331.  The court also
explained that the plaintiff's repeated dilatory conduct justified
dismissal because his conduct "showed continued disregard for his
obligations to the court" and it was apparent that "the future held
only the prospect of continued improprieties by [him]" because "[his]
excuses were lame."  <u>Id.</u>  The court concluded that "[i]ndulgent
toleration for the misconduct of lawyers and litigants is a luxury the
overcrowded federal courts cannot afford."  <u>Id.</u>  "[D]istrict courts
cannot function efficiently unless they can effectively require
compliance with reasonable rules. Absence of meaningful power to
require that compliance would make for disorder and preclude effective
judicial administration at the trial court level."  <u>Id.</u>

        In addition to the Ninth Circuit's caselaw, the Supreme Court has
affirmed a dismissal under Rule 41(b) where the plaintiff's attorney
failed to appear at the pretrial conference, thus inhibiting the
district court's ability to manage the litigation.  <u>Link v. Wabash R.
Co.</u>, 370 U.S. 626 (1962).  The Court explained that, based on the
attorney's absence from the pretrial conference and the attorney's
previous lack of diligence, "it could reasonably be inferred from

[counsel's] absence . . . that [he] had been deliberately proceeding in dilatory fashion." Id. 633.  In the Link district court litigation — much like in the present litigation — the case sat idly on the docket for about a year and a half.  Id. at 629 n.2.  In addition, it is notable that the attorney in Link, in the course of his previous dilatory conduct, had at least moved for a continuance of the trial approximately three weeks before the trial was scheduled to begin.  Id. at 629 n.2.  In the present case, Plaintiff's counsel waited until only the week before trial – long after various filings had been due.[4]

Cases in other circuits are also instructive.  In Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43 (1st Cir. 2002), the First Circuit affirmed dismissal of the complaint where the plaintiff's only explanation for its dilatory conduct was that it encountered unexpected delays in discovery.  In Lucien v. Breweur, 9 F.3d 26 (7th Cir. 1993), the Seventh Circuit affirmed dismissal of the complaint where the prisoner-plaintiff failed to appear at the pretrial conference, and the plaintiff's only excuse was that he found the arm- and leg-restraints to be painful.  In Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744 (5th Cir. 1987), the Fifth Circuit affirmed dismissal of the

---

[4] Arguably, Link might be distinguished from the present case because the attorney in Link failed to attend the pretrial conference. However, while Plaintiff's counsel in the present case was *physically* present at the Pretrial Conference (unlike the attorney in Link), it should be obvious mere physical presence is not sufficient to satisfy the requirements of Rule 16, the Local Rules, and the Court's previous orders.  Counsel must do more than show up at the Pretrial Conference — counsel must be prepared to discuss the facts and legal theories of the case.  An attorney's failure to prepare for the pretrial conference is, for all intents and purposes, equivalent to non-appearance.  See Francis v. Women's Obstetrics and Gynecology Group, P.C., 144 F.R.D. 646, 649 (W.D.N.Y. 1992) ("Mere physical presence at the conference by defendant's attorney is not sufficient compliance with the order to attend the settlement conference.")

complaint where the plaintiff failed to file a required witness list and the case was scheduled to proceed to trial the following week.  In Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit affirmed dismissal of the complaint where the plaintiff had displayed a pattern of dilatory conduct, and, although the plaintiff's misconduct was not intentional or contumacious, the defendant was prejudiced by the delay because it had identified a prima facie defense to the claim yet "was compelled to file its pretrial statement without [knowing of plaintiff's evidence] and without seeing plaintiffs' pretrial statement."  Id. at 870.

### 2. Analysis

At the outset, it should be noted that Plaintiff's counsel's dilatory conduct, although not done in bad faith or for malicious purposes, was not the result of a single honest mistake.  Cf. Ayers v. City of Richmond, 895 F.2d 1267, 1269-70 (9th Cir. 1990) (counsel inadvertently failed to calendar correct date); Potlatch Corp. v. United States, 679 F.2d 153, 155-56 (9th Cir. 1982) (counsel informed the Court about its inability to meet the required deadlines, requested an extension of those deadlines, and identified external factors causing the delay).  Rather, counsel's lack of diligence was pervasive in this litigation.  This lack of diligence ultimately manifested itself in counsel's complete lack of preparation to proceed to trial on the scheduled date.  Notably, Plaintiff's counsel has not even attempted to offer a justification for the violations of numerous Pretrial deadlines set forth in the Court's standing orders and the Local Rules.

In light of these considerations, the Court will not hesitate to impose the "harsh penalty" of dismissal if that penalty is justified in the circumstances. <u>Henderson v. Duncan</u>, 779 F.2d 1421 (9th Cir. 1986).

In this case, the governing five factor test warrants dismissal of the action.

The first factor weighs in favor of dismissal. The public always has an interest in expeditiously resolving litigation, and the Court always has an interest in managing its docket. This factor is particularly appropriate in the present case because this case is among the oldest civil cases on the Court's docket (excepting habeas corpus actions). It was filed in July 2008 – nearly two years ago. Although the Court's docket contains a handful of cases of a similar vintage, all of those cases involve complex issues of one kind or another. The present case contains no such complex issues. As this Court noted in its Order Denying Defendant's Request to Add a Third Party, "the case appears to be a simple copyright/trademark action. The sole issue, as far as the Court can tell, is whether the goods sold by Defendant were authentic or counterfeit." (Order at 4 [docket no. 35].) This case has not required long and protracted litigation, yet the case is still active of account of Plaintiff's complete and continued lack of diligence in moving toward trial. After filing its notices of service on Defendants, Plaintiff completely failed to prosecute this case for nearly sixteen months. Plaintiff then, apparently, failed to conduct its discovery in a diligent manner. Plaintiff was unable to locate the infringing article, and, one week before trial, Plaintiff's counsel admitted that he had no knowledge about his client's relationship with Jet Apparel. This level of unpreparedness is simply unacceptable. The

public interest, and the Court's docket-management considerations, weigh heavily in favor of resolving this case sooner rather than later.

The second factor (prejudice to the defendant) also weighs in favor of dismissal.  Defendant appeared at the April 26 Pretrial Conference in the expectation that the case would proceed to trial on May 4.  Further, Defendant made a good faith effort to participate in this litigation and to comply with the Court's orders to the best of his ability.[5]  However, Defendant was unable to properly prepare for trial because Plaintiff has not followed any of the basic pretrial procedures regarding the filing of legal memoranda, witness and exhibit lists, and the like.  Plaintiff's conduct ultimately prevented Defendant from being able to litigate this case at the time that trial was supposed to commence.  As the Ninth Circuit has explained, "[t]he longer the delay, the more likely prejudice becomes."  Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1280 (9th Cir. 1980) (quotation omitted); cf. Laurino v. Syringa Gen. Hosp., 279 F.3d 750, 754 (9th Cir. 2002) (dismissal of "young" cases is disfavored because of lack of prejudice to opposing party).  Here, "given the imminence of the trial date, [Plaintiff has] prejudiced [Defendant's] ability to prepare for trial."  Malone, 833 F.2d at 131 (quoting N. Am. Watch Corp. v. Princess Ermine Jewels, 786 F.2d 1447, 1451 (9th Cir. 1986)); see also Nascimento, 508 F.3d at 909.

The third factor (policy favoring resolution on the merits) weighs against dismissal, but "[a]t the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and

---

[5] As noted *supra*, because Defendant is proceeding *pro se*, he is entitled to "great leniency" with respect to "his compliance with the technical rules of civil procedure."  Draper, 792 F.2d at 924.

discovery obligations cannot move forward toward resolution on the merits.  Thus, we have also recognized that this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." PPA Prods. Litig., 460 F.3d at 1228.  Although this case should have been decided on the merits as of May 4, 2010, Plaintiff's conduct has directly impeded the Court's and the parties' ability to move toward a decision on the merits.

The fourth factor (availability of less drastic alternatives) also weighs in favor of dismissal in this case.  Had the extent of Plaintiff's dilatoriness been evidenced earlier in proceedings, the Court could have issued appropriate warnings and set a firm schedule for Plaintiff to follow.[6]  Indeed, had the dilatoriness come to light at any point prior to the Pretrial Conference, the Court would have been in a position to issue remedial orders regarding Defendant's alleged discovery violations and order a continuance of trial based on Plaintiff's timely request.  But Plaintiff did not raise this issue until the Pretrial Conference.  The Court is unaware of any cases in which the party waited until the pretrial conference to notify the

---

[6] For example, in Mir v. Forsburg, 706 F.2d 916 (9th Cir. 1983), the Ninth Circuit suggested that a schedule is a useful remedy early in proceedings:

> Appellant's papers filed in opposition to the motion to dismiss reflect a request that the district court impose a discovery and trial schedule that will lead expeditiously to a hearing on the merits of appellant's complaint. We think such a procedure a far more appropriate response to the delay in this case than the sanction of outright dismissal with prejudice. Were the plaintiff to fail to comply with such a schedule without cause, the sanction of dismissal might then be appropriate. In any event, dismissal with prejudice is not justified at this juncture.

Id. at 919 (emphasis added).

Court of its opponent's discovery violations and request a continuance of trial.

In addition, the Supreme Court has clearly stated that the district court's consideration of alternatives need not be limited to the effects of the sanction on the parties in the current litigation. "[H]ere, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." National Hockey League v. Met. Hockey Club, Inc., 427 U.S. 639, 643 (1976) (affirming Rule 37 dismissal for discovery violations).

It is hard to conceive of an adequate sanction to deter conduct such as Plaintiff's. Plaintiff's counsel has received countless warnings in this Court's various Orders stating that the trial **would** be held on May 4, 2010, and that requests for continuance had to be filed in a **prompt and timely** manner. The Court even noted in early March that "the case appears to be a simple copyright/trademark action. The sole issue, as far as the Court can tell, is whether the goods sold by Defendant were authentic or counterfeit." (Order at 4 [docket no. 35].) Plaintiff was on notice that the Court contemplated a quick and efficient trial that disposed of the simple factual issues raised in Plaintiff's Complaint. Plaintiff had ample opportunity to dispute the Court's characterizations. Likewise, Plaintiff failed to provide **prompt and timely** notice of the purported discovery disputes. It is simply unacceptable to wait until the eve of trial to call the Court's

attention to such matters, and the Court's Orders should have provided counsel sufficient warning of this fact.

As explained in <u>Malone</u>, "[a] plaintiff can hardly be surprised by a harsh sanction in response to willful violation of a pretrial order. Rules 16(f) and 41(b) explicitly state that dismissal may be ordered for violation of a court order." 833 F.2d at 133. Plaintiff has been amply warned of (1) the expectations of counsel and (2) the potential consequences of failing to meet those expectations. Further, Plaintiff has received warnings in various ways: this Court's Orders, the Local Rules, and the Federal Rules of Civil Procedure. Plaintiff was therefore sufficiently aware of the possibility that sanctions, including dismissal, would issue if Plaintiff failed to comply with these Rules and Orders.

**B.   MONETARY SANCTIONS**

   **1.   Legal Authority**

Under Rule 16(f) the Court may issue sanctions, either in the amount incurred by the opposing party as a result of the offending party's misconduct, <u>Ayers v. City of Richmond</u>, 895 F.2d 1267, 1269-70 (9th Cir. 1990) (affirming award of opposing party's costs for attending settlement conference where offending party failed to appear), <u>Perryman v. First United Methodist Church</u>, 241 F.R.D. 521, 525 (M.D. Ala. 2007) (awarding opposing counsel's "expenses incurred in attempting to secure [offending counsel's] cooperation in the preparation of a pretrial order, their expenses in attending the pretrial, and their expenses relating to the instant sanctions issue"); <u>O. Ahlborg & Sons, Inc. V. United States</u>, 233 F.R.D. 224, 226-27 (D. Mass. 2005) (awarding $3,600 in attorneys fees related to time spent

drafting motion to compel and attending status conference), or in a different amount justified in the circumstances, <u>G.J.B. & Assoc., Inc. v. Singleton</u>, 913 F.2d 824, 826, 831-32 (10th Cir. 1994) (affirming monetary sanctions under Rule 16(f) for counsel's failure to disclose exhibits used at trial).

### 2. Analysis

In the present case, the Court finds that it is appropriate to sanction Plaintiff's counsel in an amount adequate to compensate Defendant for the costs incurred with respect to the Trial and Pretrial Conference. Had Plaintiff's counsel been diligent in complying with this Court's Orders, the Local Rules, and the Federal Rules of Civil Procedure, it is highly likely that Defendant would not have had to appear in person at the April 26, 2010 Pretrial Conference and the May 4, 2010 further hearing/trial date. Further, Defendant should be compensated for any copying and mailing costs related to his preparation of his Pretrial Conference memorandum. [Docket no. 40.]

The Court notes, however, that because Defendant is proceeding *pro se*, he is not entitled to recover attorneys' fees as a sanction because, as a *pro se* litigant, he did not actually incur any attorneys' fees in litigating this dispute. <u>See generally</u> <u>Kay v. Ehrler</u>, 499 U.S. 432, 435-36 (1991); <u>see also</u> <u>Pickholtz v. Rainbow Techs., Inc.</u>, 284 F.3d 1365, 1376 (Fed. Cir. 2002) (holding, and predicting that Ninth Circuit would hold, "that Rule 37 does not empower the district court to award attorney fees to a pro se litigant"); <u>Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.</u>, 589 F. Supp. 2d 331, 337-39, 345 (S.D.N.Y. 2008) (refusing to award attorneys' fees as discovery sanction where opposing party proceeded *pro se*).

This monetary sanction against Plaintiff's counsel, although limited in amount, is an appropriate penalty for Plaintiff's counsel's repeated lack of diligence and inexcusable failure to properly prepare for trial.

## V.   EFFECT OF DISMISSAL

Plaintiff requests that dismissal be granted without prejudice so that Plaintiff may file an action against Defendants alleging that Defendants sold a pair of "Joy Jeans."  In his response to the Court's Order to Show Cause, Plaintiff's counsel states that "Plaintiff has obtained additional infringing apparel, including denim jeans sold by Defendants, which infringe upon Plaintiff's trademarks and copyrights." (Pham Decl. ¶ 7.)  The allegedly infringing jeans are known as "Joy Jeans," and are most readily identifiably by their horseshoe-shaped stitching pattern on the back pockets.

The Court's dismissal of the present Complaint does not affect Plaintiff's ability to file a subsequent action regarding Defendant's sale of "Joy Jeans."  The Complaint only involves a hoodie, not a pair of jeans.  As stated in the Complaint, "Plaintiff purchased [a] counterfeit True Religion Brand Jeans jacket "hoodie" from Defendants." (Compl. ¶ 24; see also Compl. Ex. N-Q (containing documents related to Plaintiff's purchase of the hoodie).)  The Complaint also alleges that "Defendants have . . . intentionally and knowingly confused consumers by advertising on [their website] that "ALL MERCHANDISE IS AUTHENTIC." (Compl. ¶ 26.)  In addition, it is noteworthy that Plaintiff, in its Motion for Default Judgment filed last November, only discussed

Defendants' sale of the "hoodie," not the "Joy Jeans."  (Mot. for Def. Jdgmt. at 3 & Chaney Decl. ¶¶ 5-6.)

In short, Defendant's alleged sale of "Joy Jeans" is simply not at issue in this case and is unaffected by a dismissal of the Complaint.

The general rule of res judicata is that "[a] valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim." Restatement (Second) of Judgments § 19 (1982).  "[T]he claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Id. at § 24.  The basic example is that "[w]hen a person trespasses daily upon the land of another for a week, although the owner of the land might have maintained an action each day, such a series of trespasses is considered a unit up to the time when action is brought." Restatement (2d) at § 24, cmt. d.  Under this view, a plaintiff is required to bring all related causes of action *that have accrued up until the time the lawsuit was filed* in a single action.

In the copyright and trademark context, it is even possible to bring separate lawsuits where separate trademarks and copyrights are at issue.  See generally Nimmer on Copyright § 14.04 [E][2][a]-[b] (2010 rev.).  This issue is particularly well-explained in the trademark caselaw.  A trademark-holder is not barred from bring a separate lawsuit based on *separate products* and *separate infringing transactions*.  For example, the Ninth Circuit has held that Levi Strauss was not barred by a prior judgment relating to trademarks on its jeans:

Under the doctrine of collateral estoppel, judgment in a prior suit between parties precludes relitigation by the parties of issues actually litigated and necessary to the outcome of the first action. Similarity between issues does not suffice; collateral estoppel is applied only when the issues are identical. If different facts are in issue in a second case from those that were litigated in the first case, then the parties are not collaterally estopped from litigation in the second case. If the litigated issues are the same-the same facts at issue-estoppel will apply and an offer of different proof in a later case will not provide escape.

Here, more than the proof is different; the facts are different. We deal with different products (jeans v. shirts) and different markets; and the assumptions, perceptions and recognitions with which customers approach a purchase are different

Levi Strauss & Co. v. Blue Bell, Inc., 778 F.2d 1352, 1357 (9th Cir. 1985) (en banc).

In another clear example, in Nina Ricci, S.A.R.L. v. E.T.F. Ents., Inc., 889 F.2d 1070 (Fed. Cir. 1989), the court rejected a res judicata argument where a prior case involved shoes and belts, but the case at bar involved "scarves, neckties, blouses, sweaters, coats, jackets and pants . . . and retail store services in the areas of shoes, clothing and accessories." Id. at 1071, 1072, 1074 n.1.

Here, the present Complaint involves a single allegedly infringing transaction — the April 2008 sale of a hoodie.  The present Complaint does not involve Defendants' alleged sale of a pair of "Joy Jeans."

Dismissal of the Complaint with prejudice is warranted and will not unduly prejudice Plaintiff's rights to bring a separate action for a separate alleged infringement.

**VI.   CONCLUSION**

For the foregoing reasons, the Complaint is DISMISSED WITH PREJUDICE.  Defendants are the prevailing party and, under 28 U.S.C. § 1920 and 17 U.S.C. § 505, are entitled to the costs they incurred in this action.  A list of appropriate costs, as well as procedures for obtaining those costs, may be found in Local Rules 54-3 and 54-4.

Additionally, as a sanction against Plaintiff's counsel, Defendants are entitled to the expenses they incurred in preparing for and traveling to the Pretrial Conference on April 26, 2010 and the hearing on May 4, 2010.  Defendants shall file with this Court a statement under penalty of perjury containing a list of expenses incurred.  Mileage shall be calculated at the 2010 IRS rate of 50 cents per mile.

Upon receiving a statement Defendants' expenses, the Court will enter Judgment for Defendant.

IT IS SO ORDERED.

DATED:   May 5, 2010

STEPHEN V. WILSON

UNITED STATES DISTRICT JUDGE